FILED
SUPERIOR COURT
OF GUAM

2023 FEB -1 PM 3: 39

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0290-22** |
| v. | GPD Report No. 21-26305 |
| **JAMES MICHAEL PAULINO** (*aka* **JAMES PAULINO**) (*aka* **JERRY**), DOB: 02/04/1963 | **DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO DEPOSE WITNESS** |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on November 15, 2022 for hearing on Defendant James Michael Paulino's (*aka* James Paulino's) (*aka* Jerry's) ("Defendant's") Motion for Leave to Depose Witness ("Motion"). Assistant Attorney General Yusuke Haffeman-Udagawa represents the People, and Attorney Joaquin C. Arriola, Jr. represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

### BACKGROUND

In May of 2022, Defendant was indicted on two charges of First Degree Criminal Sexual Conduct (as a 1st Degree Felony). See Indictment (May 17, 2022). Defendant is accused of sexually penetrating J.V. (DOB: 07/17/1993) ("Victim"), against her will, on two separate occasions in 2017. Id. The first alleged incident occurred between January-October 2017, when Defendant supposedly digitally penetrated the Victim's primary genital opening, causing personal injury to the Victim. Id. The second alleged incident occurred in November 2017, when Defendant supposedly sexually penetrated Victim under circumstances involving another felony, Kidnapping under 9 G.C.A. § 22.20. Id.

Decision and Order Denying Defendant's Motion for Leave to Depose Witness
CF0290-22, *People of Guam v. James Michael Paulino*
Page 1 of 4

On August 16, 2022, Defendant filed his Motion for Leave to Depose Witness. Defendant seeks to depose the Victim to discover and investigate, for purposes of a Motion to Dismiss based on Statute of Limitations, the Victim's claims of "personal injury" and "kidnapping". See Motion at 5-8. (Aug. 16, 2022). Defendant argued that the Government's provided discovery fails to support claims that digital penetration caused personal injury to Victim, or that sexual penetration involving fellatio occurred under circumstances involving kidnapping. Id. at 5-8. Defendant claims that without allegations of "personal injury" or "circumstances involving the commission of any other felony", the claims of Criminal Sexual Conduct ("CSC") do not arise to First Degree CSC, and are thus subject to a three-year statute of limitations which has already passed. Id. at 6. Defendant claims that the "special circumstances of the case" require deposition of the Victim so that the Court can develop a factual record for Defendant's Motion to Dismiss based on Statute of Limitations. Id. at 7.

On October 24, 2022, the People filed their Opposition to Defendant's Motion ("Opposition"). The People claimed that Defendant failed to show any "special circumstances" justifying a court-ordered deposition of Victim. See Opposition at 5-6 (Oct. 24, 2022).

The Court held a hearing on November 15, 2022. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

I.   Relevant Laws:

    a. Guam's CSC Laws:

> A person is guilty of criminal sexual conduct in the first degree if he... engages in sexual penetration with the victim and if any of the following circumstances exist:
> > (3) sexual penetration occurs under circumstances involving the commission of any other felony;
> > (6) the actor causes personal injury to the victim and force or coercion is used to accomplish sexual penetration

See 9 G.C.A. §§ 25.15(a)(3) and 25.15(a)(6).

Decision and Order Denying Defendant's Motion for Leave to Depose Witness
CF0290-22, *People of Guam v. James Michael Paulino*
Page 2 of 4

The statute of limitations for prosecuting felonies is three years. See 8 G.C.A. § 10.20(c). However, prosecutions of First or Second Degree Criminal Sexual Conduct "may be commenced at any time." See 8 G.C.A. § 10.17.

### b. Standard to Depose Individuals with Leave of Court:

> Whenever due to *special circumstances* of the case it is in the interest of justice that any person be ordered to appear at a specified time and place to be examined under oath, the court may, upon noticed motion of any party, order such person to appear so that his testimony may be taken by deposition.

See 8 G.C.A. § 70.50 (*emphasis added*).

**II. Special circumstances do not support ordering the Victim's deposition, as the People already provided discovery alleging "personal injury" and "circumstances involving the commission of any other felony" surrounding the two CSC charges.**

Defendant alleges that "special circumstances" warranting Victim's deposition exist, because the People failed to provide discovery alleging "personal injury" or "circumstances involving the commission of any other felony", which are both necessary for the Court to develop a factual record when hearing Defendant's Motion to Dismiss based on Statute of Limitations. See Motion at 5-8 (Aug. 16, 2022).

However, as per Defendant's own admission, the People already provided 76 pages of discovery via GPD Report No. 21-26305. See Motion at 3 (Aug. 16, 2022). That discovery sufficiently alleges "personal injury", as Victim revealed she "felt pain in her vagina during the incident" involving digital penetration. Id. at 3. This was an "extreme pain" that left Victim sore for several days after the incident. See Magistrate's Complaint (Apr. 30, 2022). This "extreme pain" is exactly the type of personal injury contemplated by 8 G.C.A. § 10.17 to extend the statute of limitations for serious CSC offenses.

The People also provided discovery sufficiently alleging "circumstances involving the commission of any other felony", *i.e.* kidnapping. GPD Report No. 21-26305 reveals that although Victim initially consented to a car ride with Defendant, she withdrew that consent and tried to flee the vehicle. Id. Discovery contends Defendant prevented Victim from leaving the confined vehicle by means of physical force and terrorization. Id.

Decision and Order Denying Defendant's Motion for Leave to Depose Witness
CF0290-22, *People of Guam v. James Michael Paulino*
Page 3 of 4

Discovery also reveals Defendant committed another felony (CSC) immediately after confining Victim in this space. This sufficiently meets the criteria of kidnapping as defined in 9 G.C.A. §§ 22.20(a)(2).

Defendant has failed to present any special circumstances that would justify deposition of the Victim in this case. The People have already provided discovery alleging both "personal injury" and "circumstancing involving the commission of any other felony" for each CSC charge. Defendant is therefore capable of presenting his Motion to Dismiss based on Statute of Limitations without requiring a court-ordered deposition of Victim.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. The Court will not grant leave for a deposition of Victim.

**IT IS SO ORDERED** this ___February 1, 2023___



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion for Leave to Depose Witness
CF0290-22, *People of Guam v. James Michael Paulino*
Page 4 of 4